**NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO 9/22/2010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * *
                          *
UNITED STATES OF AMERICA  *
                          *   08-cr-128-01-PB
        v.                *   November 12, 2008
                          *   3:10 p.m.
KURT SANBORN                *
                          *
* * * * * * * * * * * * * *
```

TRANSCRIPT OF WAIVER AND PLEA HEARING
BEFORE THE HONORABLE PAUL J. BARBADORO

Appearances:

For the Government:   Robert Kinsella, AUSA
                      U.S. Attorney's Office
                      53 Pleasant Street
                      Concord, NH 03301

For the Defendant:    Donald A. Kennedy, Esq.
                      Law Office of Donald A. Kennedy
                      78 West Merrimack Street
                      Manchester, NH 03101

                      Alan Baum, Esq.
                      United Defense Group
                      4181 Sunswept Drive, Suite 100
                      Studio City, CA  91604

For Probation:        Sean Buckley

Court Reporter:       Diane M. Churas, LCR, CRR
                      Official Court Reporter
                      U.S. District Court
                      55 Pleasant Street
                      Concord, NH   03301
                      (603) 225-1442

```
 1                   BEFORE THE COURT

 2            THE CLERK:  Court's in session and has for

 3   consideration a waiver and plea in United States of

 4   America versus Kurt Sanborn, Criminal Case No.

 5   08-cr-128-01-PB.

 6            THE COURT:  I need a moment.  I'm going to

 7   review the plea agreement.  (Pause.)

 8            All right, sir.  I understand you intend to

 9   plead guilty to an information charging you with wire

10   fraud.  Is that right?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  I'm going to ask you a series of

13   questions.  You need to give me oral answers to the

14   questions because what we say is being recorded.  You

15   also need to give me truthful answers to the questions,

16   so I will direct the deputy clerk to place you under

17   oath now.

18            (Defendant duly sworn.)

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  You can be seated and remain

21   seated throughout the proceeding.  If you don't

22   understand something I'm saying to you, interrupt me and

23   ask me to explain it.  Do you understand?

24            THE DEFENDANT:  Yes, sir.

25            THE COURT:  How far did you go in school?
```

3

1          THE DEFENDANT:  High school and three years of

2    college.

3          THE COURT:  How's your reading?

4          THE DEFENDANT:  Very good.

5          THE COURT:  Were you able to read the plea

6    agreement that you signed?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  How about the information, the

9    written charge against you?  Were you able to read that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Did you discuss both documents

12    with your lawyer?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Do you feel you understand both

15    documents?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  You have been charged here in an

18    information.  You have a right to have this charge

19    presented to the grand jury.  A grand jury is comprised

20    of at least 16 and not more than 23 people.  The grand

21    jury would hear the evidence against you, and at least

22    12 people would have to find probable cause to believe

23    you committed the crime charged in the information.

24    Otherwise you could not be held for trial on that

25    charge.  Do you understand that?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  If I allow you to waive your right

3    to indictment, the case will proceed against you on the

4    information just as though you had been indicted.  Do

5    you understand that?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  You've signed a waiver of

8    indictment form.  Do you wish to give up your right to

9    have this matter proceed to trial only upon an

10   indictment issued by the grand jury?

11          THE DEFENDANT:  Yes.

12          THE COURT:  All right.  I find that the

13   defendant has knowingly, voluntarily, and intelligently

14   waived his right to have this matter presented to the

15   grand jury.  Accordingly, the case will proceed against

16   him on the information just as though he had been

17   indicted.

18          Have you ever been treated for a mental

19   illness?

20          THE DEFENDANT:  No, sir.

21          THE COURT:  Are you taking any medicine today

22   or are you under the influence of drugs or alcohol?

23          THE DEFENDANT:  No, sir.

24          THE COURT:  If this case were to go to trial,

25   you would not have to prove your innocence.  Instead it

1  would be up to the prosecutor to prove your guilt beyond

2  a reasonable doubt.  Do you understand that?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  The prosecutor would have to prove

5  certain things called elements of the offense in order

6  for you to be found guilty.  The elements of the offense

7  are described in the plea agreement that you signed.

8  The first thing that the prosecutor would have to prove

9  is that a scheme, an artifice, substantially as charged

10  in the information to obtain money by means of false or

11  fraudulent pretenses existed.  Second, he would have to

12  prove that you knowingly and willfully participated in

13  the scheme with an intent to defraud, and third, he

14  would have to prove that the interstate wire

15  communication -- excuse me, that interstate wire

16  communications on or about the dates alleged were used

17  in furtherance of the scheme.  Do you understand that

18  all of these things would have to be proved beyond a

19  reasonable doubt at your trial in order for you to be

20  found guilty?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  The government has summarized the

23  evidence it has against you in a statement called,

24  "Offense Conduct" in paragraph three of the plea

25  agreement.  Have you read that statement?

1               THE DEFENDANT:  Yes, sir.

2               THE COURT:  Is everything in that statement

3     true?

4               THE DEFENDANT:  Yes, sir.

5               THE COURT:  Are you pleading guilty to this

6     charge because you are in fact guilty of the charge?

7               THE DEFENDANT:  Yes, sir.

8               THE COURT:  You face a possible prison term of

9     up to 20 years, a fine of up to $250,000, a special

10    assessment of $100 which will be due at or before the

11    time of sentencing, a possible additional fine to pay

12    the cost to the government of any imprisonment,

13    probation, or supervised release.  I'm sorry, I told you

14    the fine was up to 250.  It's actually 250 or an amount

15    not greater than twice the gross gain to you or twice

16    the gross loss resulting from your offense, whichever is

17    greater.  You also will be required to serve a term of

18    supervised release of not more than five years.  If you

19    violate supervised release, you could be sent to prison.

20    You also could be required to make restitution as a part

21    of your offense.  Do you understand that these are the

22    possible penalties that you face by pleading guilty to

23    this charge?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:  Have you discussed with your

1    lawyers how the Sentencing Guidelines may apply in this

2    case?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  When I sentence you I will use the

5    guidelines to determine a guideline sentencing range.

6    That's a range of months.  I will then treat the

7    guidelines as advisory.  I could sentence you within

8    that range of months, I could sentence you above it, or

9    I could sentence you below it.  Do you understand that?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  You have entered into certain

12   agreements in the plea agreement.  All of those

13   agreements are binding on you.  They are all binding on

14   the prosecutor.  For the most part they are not binding

15   on me.  I don't have to accept most of the agreements in

16   the plea agreement.  Do you understand that?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  There is an agreement that is

19   binding on me in a limited sense.  There's a stipulation

20   here.  It's in paragraph six of the plea agreement, and

21   it is that you and the government agree that the amount

22   of the loss that was caused by your offenses was greater

23   than 200,000, but less than $400,000.  Do you understand

24   that you've entered into this agreement with the

25   government?

8

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  That agreement, unlike the other

3    agreements in the plea agreement, is binding on me in a

4    limited sense.  I will wait until the time of sentencing

5    to decide whether I can accept the agreement.  If I can

6    accept it, I will go ahead and sentence you in

7    accordance with the agreement.  If I can't accept it, I

8    will tell you and I will give you the choice at that

9    time if you want to withdraw from your guilty plea and

10   have your not guilty plea reinstated and have a trial.

11   Do you understand?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  That's the only agreement in the

14   plea agreement that's binding on me in this way.  As I

15   said, I don't have to follow the other agreements in the

16   plea agreement at all.  Do you understand?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  By pleading guilty you're giving

19   up certain constitutional rights that you have.  I want

20   to review those rights with you now to make sure you

21   understand them.  You have a right to a trial by jury.

22   That would be in front of 12 people.  All 12 people

23   would have to find you guilty beyond a reasonable doubt.

24   You wouldn't have to prove your innocence.  The

25   prosecutor would have to prove your guilt.  You could be

1  represented by counsel at trial.  If you could not

2  afford counsel, counsel would be appointed to you at no

3  cost.  You could be present during the trial.  You could

4  bring witnesses into court and have them testify on your

5  behalf.  You could testify yourself if you wanted to.

6  If instead you wanted to remain silent, you could.  You

7  could have your lawyer cross-examine any witnesses who

8  testified against you.  By pleading guilty you will be

9  giving up all of these rights.  If I accept your guilty

10  plea, there won't be a trial.  The only thing that will

11  be left is for me to sentence you, and I will determine

12  any facts that are necessary to sentence you.  Do you

13  understand all of that?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT: You are also giving up your right

16  to appeal your conviction and sentence or to challenge

17  it in a collateral review proceeding, any kind of post-

18  appeal challenge to your conviction and sentence.  There

19  are some exceptions to that general rule, but if I

20  accept your plea, the general rule will be no appeal, no

21  collateral review.  Do you understand?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  The exceptions are you could argue

24  that you were not competent today.  You could argue that

25  your lawyer gave you constitutionally ineffective advice

1  when they advised you to plead guilty.  You could argue

2  that some new Supreme Court rule that the Court has

3  determined should apply retroactively to you should

4  entitle you to relief.  If I give you a sentence that is

5  higher than the one the prosecutor asks, your appeal and

6  collateral review rights will be preserved.  Otherwise,

7  no appeal, no collateral review if I accept your plea

8  agreement.  Do you understand?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Has anyone threatened you in an

11  effort to get you to plead guilty?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  Has anyone promised you anything

14  other than the promises contained in the written plea

15  agreement?

16          THE DEFENDANT:  No, sir.

17          THE COURT:  Are you satisfied with the legal

18  advice you received from your attorney?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Let me ask your counsel.  Either

21  of you can answer.  Have you advised your client

22  concerning the admissibility of any statements or other

23  evidence the government has against him?

24          MR. BAUM:  Alan Baum on behalf of the

25  defendant, your Honor.  By the way, my application for

1   admission pro hac vice I believe has been filed, and the

2   clerk is indicating perhaps it's already been approved.

3          THE CLERK:  It has.

4          THE COURT:  If it hasn't been, it is.

5          MR. BAUM:  Thank you, your Honor.  I

6   appreciate that.  In answer to the Court's question, I

7   do not believe that there is any evidence that the

8   government has or would offer that was obtained

9   illegally, and I have discussed those issues with my

10  client.

11         THE COURT:  Do you know of any reason why I

12  should not accept his guilty plea?

13         MR. BAUM:  I do not, your Honor.

14         THE COURT:  All right.  Thank you.  Mr.

15  Sanborn, this is the last chance you have to change your

16  mind.  Do you feel you've had enough time to think about

17  your decision?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you still wish to plead guilty

20  to the charge?

21         MR. BAUM:  Yes, sir.

22         THE COURT:  All right.  I will take your plea

23  now.  You've told me that you've read the charge and

24  understand it, so I won't read it to you again unless

25  you want me to.  Do you want me to read it to you again?

1          THE DEFENDANT:  That's fine.

2          THE COURT:  As to Count 1 of the information

3    charging you with the offense of wire fraud --

4          MR. BUCKLEY:  Your Honor, I just wanted to

5    inform the Court and the parties that in looking over

6    the plea agreement, that the maximum term of supervised

7    release for this count is three years, not five years

8    because it's a Class C felony.

9          THE COURT:  All right.  I appreciate that

10   correction.  Unlikely I'd give you more than three years

11   anyway.  It's possible, but it's three years according

12   to the probation officer.  Thank you.  And I appreciate

13   you bringing that to our attention.  When you see things

14   like that, I do ask you to speak up.

15         All right.  Now, as I've said, you've told me

16   you've read the plea agreement, so I won't read it to

17   you again.  I will though ask you as to Count 1 of the

18   information charging you with the offense of wire fraud,

19   how do you plead to that charge, guilty or not guilty?

20         THE DEFENDANT:  Guilty, sir.

21         THE COURT:  Having questioned the defendant

22   and his counsel on the offered plea of guilty, the

23   defendant and his counsel having informed the Court that

24   they have conferred concerning the offered plea of

25   guilty and all aspects of the charge against the

1    defendant, and any defenses he may have, and the Court

2    having observed the defendant making his answers, his

3    demeanor and manner while answering questions, his

4    apparent intelligence and his attitude, and the Court

5    having observed that the defendant does not appear to be

6    under the influence of any medication, drug, or other

7    substance which may affect his judgment in any manner,

8    the Court finds that the offered plea of guilty of the

9    defendant has a factual basis, is free of any coercive

10   influence of any kind, is competently and voluntarily

11   made with full knowledge of the charge against him and

12   the consequences of his plea, that there have been no

13   promises of any kind made to him by anyone apart from

14   the statements set forth in the written plea agreement

15   which has been filed with the court, and no threats or

16   coercion have been exerted upon him in any manner.

17              I will defer acceptance of the plea agreement

18   until the time of sentencing.  Sentencing will take

19   place on February 13th at 9:30.  Parties should consult

20   local rules for other dates bearing on the sentencing

21   process.

22              What's the government's position with respect

23   to bail?

24              MR. KINSELLA:  Judge, we are unaware of any

25   fact that would indicate that the defendant poses a risk

14

1   of flight or danger to the community, and so we are

2   requesting he be released on his personal recognizance.

3           THE COURT:  And the probation officer does not

4   disagree I assume?

5           MR. BUCKLEY:  No, your Honor.

6           THE COURT:  Based on the government's

7   recommendation, I will allow the defendant to remain

8   free on personal recognizance pending sentencing.

9           I see you are employed in Boxborough.  I have

10  family in that area.  I just want to be sure, you don't

11  know any Barbadoros, do you?

12          THE DEFENDANT:  No.

13          THE COURT:  If I had a conflict issue, I'd

14  want to get it out of the way now.

15          Okay.  Anything else?

16          MR. BAUM:  Your Honor, the PSA report does

17  recommend that he be on unsupervised pretrial, and I

18  would ask the Court to make that part of its order.

19          THE COURT:  Well, personal recognizance

20  release here, as we understand it, is essentially that.

21  Isn't it?

22          MR. BUCKLEY:  Not necessarily.  A person with

23  no bail, sometimes they do impose supervision to follow.

24  In this case we are asking for no supervision to follow,

25  just to impose three conditions.

1        THE COURT:  What are the three conditions?

2        MR. BUCKLEY:  That he refrain from possessing

3  a firearm, destructive device, or other dangerous

4  weapon, that he turn in any firearms to the clerk, his

5  address, and obtain no passport.

6        THE COURT:  Do you agree with those?

7        MR. KINSELLA:  I do, Judge.

8        THE COURT:  Do you agree with those?

9        MR. BAUM:  I do, your Honor, and also I

10  believe pretrial is recommending that he be allowed to

11  travel throughout the United States without prior

12  permission.

13        THE COURT:  All right.  He will be allowed to

14  be released subject only to those three conditions that

15  you've identified.

16        MR. BUCKLEY:  Thank you, your Honor.

17        MR. BAUM:  Thank you, your Honor.

18        (Adjourned at 3:30 p.m.)

19

20

21

22

23

24

25

16

1

2                    C E R T I F I C A T E

3

4           I, Diane M. Churas, do hereby certify that the

5    foregoing transcript is a true and accurate

6    transcription of the within proceedings, to the best of

7    my knowledge, skill, ability and belief.

8
     Submitted:  6/24/10
9
                           /s/  Diane M. Churas  __
10                         DIANE M. CHURAS, LCR, CRR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25